UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : |
| **KAREEM SAMUEL** | : |
| | : Bk. No.: 19-16607-mdc |
| | : Chapter 13 |
| **DEBTOR** | : |

### DEBTOR'S SUPPLEMENT TO MOTION FOR ACCOUNTING, DETERMINATION OF PRINCIPAL BALANCE, AND SANCTIONS

Debtor files the foregoing Supplement in support of his Motion and avers the following:

1. Debtor agreed to multiple continuances of the Motion to resolve Debtor's concerns, including time for Responsent to provide a payment history and to provide information related to alleged fees, accrued interest and other issues since no Notices were filed.

2. On March 21, 2025, Respondent provided the attached transaction history. A copy of the history is attached as Exhibit "A".

3. Respondent claims that no further information is available, because respondent only received the file in September 2024.

4. With the extensions provided, at minimum, the history should identify the columns. This is necessary, since the history has additional columns with figures that are not on the POC.

5. On March 23, 2025, counsel emailed respondent's counsel to advise that the history and explanation that it had "no further information" were not sufficient.

{00393063;v1}

6. Counsel requested a key code, information for the substantial fees, and identified a number of other issues, including inconsistencies with the filed POC and jumbled years. Counsel also questioned the reversals.

7. Unfortunately, yet again, no response was received to the March 23rd email.

8. Counsel attempted to understand the history, despite the lack of a response. However, there are too many errors.

9. Notably, the docket shows that no Notices under 11 USC 3002.1 were filed related to these fees other than two hazard insurance payments.

10. Based on the above history, Debtor seeks to add that Respondent violated 11 USC 3002.1 and must be precluded from presenting any evidence and award counsel fees related to Respondent's failures.

11. Further, if Respondent lacked sufficient information to determine where and how debtors' pre and post-petition payments were applied at the time it prepared the loan modification, then Respondent must be sanctioned.

12. Of import, there is no way, under the present state of this history/case, that Respondent can file a Response to the Notice of Final Cure Payment that does not violate Rule 9011.

13. Therefore, Respondent must fix the history and account for every payment and apply the payments correctly and in substantial form for Proofs of Claims. For example, debtor had an adjustable rate mortgage. However, from the history it appears that post-petition payments (and possibly trustee payments) were applied to pre-petition arrears that had different rates.

Date:   4/9/2025

/s/ Michelle Lee
Michelle Lee, Esquire
Dilworth Paxson
119 S. Easton Road
Glenside, PA 19038
mlee@dilworthlaw.com

{00393063;v1}