**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**
**PHILADELPHIA DIVISION**

In re:                                                                  CASE NO.: 19-16607-amc
                                                                              CHAPTER 13
Kareem Samuel,

    Debtor.

_____/

## OBJECTION TO MOTION TO DEEM REQUEST FOR ADMISSIONS ADMITTED

**COMES NOW, New Rez LLC, d/b/a Shellpoint Mortgage** ("Secured Creditor"), by and through its undersigned attorney, hereby files its Objection to Motion to Deem Request for Admissions Admitted ("Objection"), and in support thereof states as follows:

1. Debtor asserts in their Motion that the Request for Admissions should be deemed admitted because the response was late and insufficient.

2. The Debtor fails to cite to any legal authority in support of their Motion.

3. The Federal Rules of Bankruptcy Procedure do allow for specific facts and matters to be determined to be established when there is a failure to provide discovery. However, the code allows such a penalty only as a Sanction for not obeying a discovery order.

4. Under Federal Rules of Bankruptcy Procedure 7037(a), a party may move for an order compelling disclosure or discovery.

5. No such motion compelling disclosure or discovery was sought in this matter.

6. Federal Rules of Bankruptcy Procedure 7037(b)(2), provides that "[i]f a party…fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the Court where the action is pending may issue further just orders. They may

include the following: (i) directing that the matters embraced in the order or other designated facts be taken as established for purpose of the action, as the prevailing party claims…"

7. Because no motion compelling disclosure or discovery was sought in this matter, or so ordered by the Court, the Debtor cannot be awarded the sanction that is specifically prescribed for failing to obey such an order.

8. The Debtor acknowledges in the motion that they have received the responses to the Requests for Admission.

9. The motion states that the Debtor fees that the responses were "insufficient", however the Federal Rules of Bankruptcy Procedure provide for that issue, in the event that the responses are deemed to be insufficient.

10. As discussed at the prior hearing, the Court noted that Rule 7037(c)(2) provides a different award to the Debtor.

11. Rule 7037(c)(2) provides, "[i]f a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the request party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof…"

12. Should the debtor prove facts in the upcoming hearing that should have been admitted to pursuant to the Requests for Admission, then the Debtor can request reasonable expenses for the costs incurred in making such proof.

13. As such, we request that this Court deny the Debtor's Motion to Deem the Request for Admissions Admitted. The Debtor is requesting specific relief which is not available to the Debtor under the specific circumstances present in this matter. Furthermore, different

relief is specifically provided to the Debtor under Federal Rules of Bankruptcy Procedure 7037(c)(2).

    Robertson, Anschutz, Schneid, Crane
    & Partners, PLLC
    Attorneys for Secured Creditor
    13010 Morris Rd., Suite 450
    Alpharetta, GA 30004
    Telephone: 470-321-7112

    By: /s/ Sherri R. Dicks
    Sherri R. Dicks, Esquire
    Email: sdicks@raslg.com
    Pennsylvania Bar No. 90600

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on 6/24/2025, I caused to be electronically filed the foregoing with the Clerk of Court via the CM/ECF system, and caused a true and correct copy to be served via CM/ECF and/or U.S. Mail, First Class Mail, postage prepaid to the following parties:

Kareem Samuel
314 Lagrange Avenue
Essington, PA 19029

and via electronic mail to:

MICHELLE LEE, ESQ.
Dilworth Paxson
1500 Market Street
Suite 3500E
Philadelphia, PA 19102

KENNETH E. WEST
Office of the Chapter 13 Standing Trustee
190 N. Independence Mall West
Suite 701
Philadelphia, PA 19106

United States Trustee
Office of the U.S. Trustee
Robert N.C. Nix Federal Building
Suite 320
Philadelphia, PA 19107

    Robertson, Anschutz, Schneid, Crane
    & Partners, PLLC
    Attorneys for Secured Creditor
    13010 Morris Rd., Suite 450
    Alpharetta, GA 30004
    Telephone: 470-321-7112

    By: /s/Sherri R. Dicks
    Sherri R. Dicks, Esquire
    Email: sdicks@raslg.com
    Pennsylvania Bar No. 90600